UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENEE DISPARTI,

    Plaintiff,

v.                        Case No. 8:17-cv-82-T-33TGW

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court *sua sponte*. Plaintiff Renee Disparti originally initiated this action in state court on November 28, 2016, seeking to recover uninsured motorist benefits from Defendant State Farm Mutual Automobile Insurance Company. (Doc. # 2). Thereafter, on January 10, 2017, Defendant removed the action to this Court on the basis of diversity jurisdiction. (Doc. # 1). Relying on Plaintiff's demand letter and civil remedies notice, Defendant contends the amount in controversy exceeds $75,000.

"Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into

jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

In this case, Defendant relies solely upon Plaintiff's demand letter and civil remedies notice to establish the amount in controversy. While Plaintiff does demand the policy limits, which exceeds $75,000, the documentation submitted in connection with that demand shows that the amount in controversy is only $66,658.17. Furthermore, AAA Abachman Enterprises, Inc. v. Stanley Steemer International, Inc., 268

Fed. Appx. 864 (11th Cir. 2008), does not support the contention that it is "well established that a demand letter constitutes legally certain evidence that a plaintiff seeks damages in excess of the jurisdictional requirement." (Doc. # 2 at ¶ 9). Rather, AAA Abachaman Enterprises stands for the proposition that a district court did not clearly err in finding the amount-in-controversy requirement was met where (1) a plaintiff specifically alleged in its complaint that the value of the dispute was "hundreds of thousands of dollars," (2) demanded an amount consistent with that allegation, and (3) failed to present evidence showing the value was below $75,000 in its motion to remand. Id. at 866-67 (alterations omitted).

While a demand letter may be considered by a court in determining whether the amount-in-controversy requirement has been satisfied, it is not dispositive. Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (stating, "[i]n determining the amount in controversy in the insurance context, numerous courts have held that it is the value of the claim not the value of the underlying policy, that determines the amount in controversy") (internal quotation marks omitted) (citation omitted); see also Lamb v. State Farm Fire Mut. Auto. Ins.

3

Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)); Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996) (noting pre-suit demand letter was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking"). If the demand letter is mere puffery or an attempt at posturing, "it is insufficient to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000." Jenkins v. Myers, No. 8:16-cv-344-T-17EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016). Likewise, the "mere allegation[] of severe injuries [is] insufficient to establish the amount in controversy." Green v. Travelers Indem. Co., No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 8, 2011) (citing Ransom v. Wal-Mart Stores, Inc., 920 F. Supp. 176, 178 (M.D. Ga. 1996)).

The Court has reviewed the notice of removal and the documentation submitted in support of thereof. The Court finds the demand letter and civil remedies notice to constitute mere puffery or posturing. To be sure, when calculated, the amount of the claim, as determined by the

4

evidence submitted by Defendant in support of removal, is less than the jurisdictional threshold. Because Defendant has failed to carry its burden of establishing the jurisdictional amount-in-controversy threshold, this action is remanded for lack of subject-matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **REMANDED** to state court for lack of subject-matter jurisdiction. Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE